375 A.2d 325
COMMONWEALTH of Pennsylvania
v.
**Rickie Allen YOCHAM, a/k/a Ricky Allan Yocham, Appellant (two cases).**

Supreme Court of Pennsylvania.

Submitted Sept. 20, 1976.

Decided July 8, 1977.

446

Vincent C. Murovich, Pittsburgh, for appellant.

Frederick F. Coffroth, Dist. Atty., Alexander Ogle, Deputy Dist. Atty., Somerset, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## OPINION

NIX, Justice.

This is an appeal from a dismissal without hearing of appellant's counseled petition filed under the Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, § 1 et seq., 19 P.S. § 1180–1 et seq. (Supp. 1976–77) (hereinafter "PCHA") by the Court of Com-

mon Pleas of Somerset County. The petition set forth as the basis for relief the assertion that appellant, Rickie Allen Yocham, had been denied effective assistance of appellate counsel due to that counsel's failure to pursue on direct appeal from his murder conviction the challenge to the validity of a confession that was introduced at trial against him. For the reasons set forth hereinafter, we agree with appellant that he was entitled to an evidentiary hearing by virtue of the averments of his petition and that the Court of Common Pleas of Somerset County erred in summarily dismissing the petition.

Appellant was arrested and charged for his participation in a robbery of a motel located in Jennerstown, Somerset County, on November 18, 1970. During the course of this robbery, Mrs. Vera Catherine Horner who operated the motel with her husband, was shot and killed. After trial, the jury returned verdicts of guilty of murder in the first degree, robbery and conspiracy. Following the denial of post trial motions, sentence was imposed[1] and a direct appeal was taken to this Court. On October 30, 1975, we affirmed his conviction with a short per curiam opinion setting forth the issues raised as follows:

"[Appellant contends] (1) that those portions of his confession containing references to his commission of other crimes should not have been admitted into evidence; (2) that the admission of the typewritten confession signed by appellant violated the best evidence rule; and (3) that the jury should have been given a requested charge concerning appellant's alleged withdrawal from the criminal activity. We have examined each of the three issues raised and find them to be

1. Appellant was sentenced to life imprisonment on the murder conviction, to not less than ten nor more than twenty years on the robbery conviction and a concurrent sentence of two years under the conspiracy indictment.

without merit." *Commonwealth v. Yocham,* 464 Pa. 223, 224–25, 346 A.2d 297 (1975).[2]

In its order filed on March 8, 1976, the Court of Common Pleas of Somerset County dismissed the counseled petition for post conviction relief stating that the allegations therein were "patently frivolous" and "without a trace of support either in the record" relying apparently on Section 9 of the PCHA, 19 P.S. § 1180–9 (Supp. 1976–77). Section 9 provides in pertinent part:

If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petitioner.

■■ In applying this provision, this Court has consistently held that a counseled PCHA petition may be summarily dismissed only if the facts alleged in the petition, even if proved, would not entitle petitioner to relief.[3] *See, e. g., Commonwealth v. Walker,* 460 Pa.

---

2. It is conceded that the objection to the statement with which we are here concerned was not raised on the direct appeal to this Court.

3. Here appellant was assisted by counsel in preparing and filing his petition. This situation must be distinguished from those instances where a court *summarily* dismisses a pro se petition filed by an unrepresented petitioner. "Under the provisions of Rule 1503(a) of the Pennsylvania Rules of Criminal Procedure (adopted January 24, 1968, and effective August 1, 1968) which superseded Section 12 of the Act of 1966, 19 P.S. 1180–12, supra, the trial court may not summarily dismiss a petition filed by an indigent under the Act of 1966, without the appointment of counsel, if counsel is requested, unless the same issues have been previously adjudicated adversely to the petitioner in a counseled proceeding or one wherein he has knowingly waived his right to the assistance of counsel. See *Commonwealth v. Blair,* 470 Pa. 598, 369 A.2d 1153 (1977) and *Commonwealth v. Adams,* 465 Pa. 389, 350 A.2d 820 (1976)."
*Commonwealth v. Patterson,* 470 Pa. 618, 619, 369 A.2d 1163, 1164 (1977).

658, 334 A.2d 282 (1975); *Commonwealth v. Via,* 455 Pa. 373, 316 A.2d 895 (1974). Here the petition averred that appellant was denied effective assistance of appellate counsel due to that counsel's failure to raise, on direct appeal, an issue which would have required reversal of his conviction, i. e., that his confession should have been suppressed as an impermissible fruit of an allegedly illegal arrest. If appellant were able to establish his claim of ineffective assistance of appellate counsel by competent evidence he would of course have been entitled to relief. Thus, the dismissal of the petition by the court below without first affording appellant the opportunity to establish his claim could only be sustained if it was clear from the existing record that the contention was without merit.

The test for assessing a charge of ineffective assistance of counsel has frequently been articulated in our decisions.

> The seminal question in determining whether a defendant was denied effective assistance of counsel is whether the course chosen by defense counsel had some reasonable basis designed to effectuate his client's interests. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349, 353 (1967).
>
> > "The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis." *Commonwealth ex rel. Washington v. Maroney, supra* at 604–605, 235 A.2d at 352–353 (1967).
>
> *Commonwealth v. Hosack,* 459 Pa. 27, 33, 326 A.2d 352, 355 (1974).

*See also, Commonwealth v. Thomas,* 465 Pa. 442, 448, 350 A.2d 847, 850 (1976).

■■ Where appellate counsel abandons a claim that was preserved below it is appropriate to inquire into the reason for that decision. While we recognize that counsel is not obligated to present on direct appeal every issue raised at trial, *Commonwealth v. Frazier*, 455 Pa. 162, 314 A.2d 16 (1974), when a contention which is not patently frivolous is abandoned, the decision to do so must be justified by some reasonable basis intended to inure to the client's benefit. This conclusion is a necessary corollary to our decision in *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974). *See Commonwealth v. Danzy*, 234 Pa.Super. 633, 636, 340 A.2d 494, 496 (1975). In *Clair*, we rejected the former "basic and fundamental error" doctrine and provided that the only remedy for a waived meritorious claim would be a finding of ineffective assistance of counsel. To give this remedy meaning it is necessary to hold that counsel's decision not to pursue a preserved claim of his client must be weighed in light of the traditional ineffective assistance of counsel standard, i. e., whether the decision to abandon the claim resulted from a reasonable basis designed to effectuate the client's best interest.

At the outset we note that at the time of the direct appeal the challenge to the confession on the ground that it was the fruit of an illegal arrest had properly been preserved for appellate review. Therefore, it cannot be argued that appellate counsel did not pursue the claim because it had been waived. *Cf. Commonwealth v. Nole*, 461 Pa. 314, 319, 336 A.2d 302, 304 (1975).[4] Further, since an evidentiary hearing was not held on the claim of ineffective assistance of appellate counsel the record is barren of any explanation by counsel that might support the conclusion that the decision was the result of a strategy designed to assist appellant's cause.

4. If the issue had not been preserved at trial then it would have been incumbent upon appellate counsel to consider the feasibility of raising the question of the adequacy of trial counsel on appeal. *Commonwealth v. Nole*, 461 Pa. 314, 319, 336 A.2d 302, 304 (1975).

452

■ Thus, we must assess the claim itself to determine whether on its face it cannot be sustained. Appellant argues that he was arrested without probable cause and that the confession was the fruit of the illegal arrest. Where a confession is the product of an illegal arrest it is clear that its introduction at trial is constitutionally impermissible. *Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975); *Beck v. Ohio*, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L. Ed.2d 1081 (1961); *Commonwealth v. Whitaker*, 461 Pa. 407, 336 A.2d 603 (1975); *Commonwealth v. Daniels*, 455 Pa. 552, 317 A.2d 237 (1974); *Betrand Appeal*, 451 Pa. 381, 303 A.2d 486 (1973); *Commonwealth v. Bishop*, 425 Pa. 175, 228 A.2d 661 (1967). It is equally as fundamental that an arrest without probable cause is an illegal one. U.S.Const. amend. V; Pa.Const. art. I, § 8; *United States v. Brignoni–Ponce*, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975); *Davis v. Mississippi*, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969); *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *McCray v. Illinois*, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed. 2d 62 (1967); *Henry v. United States*, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959); *Commonwealth v. Culmer*, 463 Pa. 189, 344 A.2d 487 (1975); *Betrand Appeal, supra; Commonwealth v. Goslee*, 427 Pa. 403, 234 A.2d 849 (1967); *Commonwealth v. Bosurgi*, 411 Pa. 56, 190 A.2d 304 (1963).

■ From the testimony presented at the suppression hearing, it appears that the challenged incriminatory statement was elicited during appellant's incarceration following an arrest on unrelated charges of rape and assault and battery. The Commonwealth failed to produce any evidence to refute the defense claim that the arrest for the unrelated charges on which he was being held at the time of the questioning and resulting incriminatory

statements relating to the instant case, was made without probable cause. The suppression court and the appellee in its argument before this Court implicitly concede that the record is barren of any evidence which would establish the lawfulness of the arrest. Rather it is contended that the lawfulness of the arrest is irrelevant where it has been established that the confession was "voluntary."[5] The crux of this argument is that where *Miranda* warnings[6] are given and there is no evidence appearing of record of police coercion, these facts necessarily compel a finding that the connection between the arrest and the confession is so tenuous as to dissipate the taint. We cannot agree.

In *Commonwealth v. Richards*, 458 Pa. 455, 327 A.2d 63 (1974), we discussed at length the concepts of attenuation and dissipation of the primary taint resulting from an illegal arrest. In discussing the cases in the federal system and in this jurisdiction that followed *Wong Sun v. United States, supra,* we stated in *Richards*:

"This Court, in *Commonwealth v. Bishop*, 425 Pa. 175, 183, 228 A.2d 661, 666, cert. denied, 389 U.S. 875, 88 S.Ct. 168, 19 L.Ed.2d 159 (1967), subsequently explained the *Wong Sun* test this way: '[I]f the connection between the arrest and the confession is shown to be so vague or tenuous "as to dissipate the taint" or "sufficiently an act of free will," the confession is admissible, despite the illegality of the arrest. *By "sufficiently an act of free will," we mean that not only was the confession truly voluntary, but also free of any element of coerciveness due to the unlawful arrest.* The burden of proof, of course, is upon the Commonwealth.' (Footnote omitted.)

5. The court en banc adopted the views of the suppression judge.
6. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

It should also be noted that once the primary illegality—here the illegal arrest—is established, the burden is on the Commonwealth to establish that the confession has been come at 'by means sufficiently distinguishable to be purged of the primary taint' rather than 'by exploitation of that illegality.' See *United States v. Wade,* 388 U.S. 218, 239–40, 87 S.Ct. 1926, 1939, 18 L.Ed.2d 1149 (1967) ; *Commonwealth v. Bishop,* supra, at 183, 228 A.2d at 666." Id. at 388–390, 303 A.2d at 489–490.

*Id.* at 466, 327 A.2d at 68 (Emphasis added).

Where the primary taint results from an illegal arrest and the confession is obtained through interrogation occurring during the period of custody resulting from that arrest we have not been willing to find a dissipation of the taint solely because proper warnings were given prior to the interrogation. *Commonwealth v. Brooks,* 468 Pa. 547, 364 A.2d 652 (1976) ; *Commonwealth v. Whitaker, supra; Commonwealth v. Richards, supra; Betrand Appeal, supra; Commonwealth v. Bishop, supra.* Further, our decisions have held that the mere absence of evidence of police coercion is not sufficient to justify the conclusion that the accused's statement was the product of free will sufficient to overcome the taint of the unlawful arrest. *Commonwealth v. Brooks, supra; Commonwealth v. Bailey,* 460 Pa. 498, 333 A.2d 883 (1975) ; *Commonwealth v. Daniels, supra.*

The suppression court sought to justify its conclusion that the statement was not a product of compulsion by relying on the fact that *Miranda* warnings were given and that the Commonwealth's testimony concerning the treatment of appellant during the period of confinement and interrogation was free of any conduct that would tend to overbear the will of appellant. This argument ignores the fact that the coercive effect of the illegal detention itself was nonetheless present. In *Bishop,* we recognized that the confession might be "truly volun-

tary" in the traditional sense but not free of all elements of coercion due to the unlawful arrest. Where it is determined that the detention is illegal and it is recognized that the illegal detention itself necessarily has a coercive quality regardless how scrupulously conducted, we would give no meaning to the Commonwealth's burden to establish that the statement was not a product of an exploitation of the illegality if we were to permit the burden to be satisfied merely by a showing that the accused was not *mistreated* while he was being illegally detained. *Restated, if we were to test the voluntariness of the statement as if the arrest had been a legal one, we would be in fact ignoring the illegality.* As the United States Supreme Court in *Brown v. Illinois, supra,* indicated, in these instances we are not only concerned with the fact that an accused may have been compelled against his will to incriminate himself, which is the hallmark of the Fifth Amendment protection, but also the unreasonable seizure of the person which is violative of the Fourth Amendment.[7] Mere satisfaction of the requirements of the Fifth Amendment does not eradicate the violation of the Fourth Amendment.

Thus, even if the statements in this case were found to be voluntary under the Fifth Amendment, the Fourth Amendment issue remains. In order for the causal chain, between the illegal arrest and the statements made subsequent thereto, to be broken, *Wong Sun* requires not merely that the statement meet the Fifth Amendment standard of voluntariness but that it be "sufficiently an act of free will to purge the primary taint." 371 U.S., at 486, 83 S.Ct. [407] at 416, [9 L.Ed.2d 441]. *Wong Sun* thus mandates consideration of a statement's admissibility in light of the distinct policies and interests of the Fourth Amendment.

7. The Fourth Amendment, of course, has been made applicable to the States through the Fourteenth Amendment. *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

*Brown v. Illinois, supra,* 422 U.S. at 601–2, 95 S.Ct. at 2261.

The reasoning employed by the *Brown* Court in rejecting the proposition that the giving of *Miranda* warnings in and of themselves broke the causal chain between the arrest and the incriminatory statements, would also force the conclusion that additional evidence offered by the Commonwealth in this case to establish the absence of a Fifth Amendment violation does not necessarily satisfy its burden to prove that the decision to confess was sufficiently a product of free will to break, for Fourth Amendment purposes, the causal connection between the illegality and the confession.

The question whether a confession is the product of a free will under *Wong Sun* must be answered on the facts of each case. No single fact is dispositive. The workings of the human mind are too complex, and the possibilities of misconduct too diverse, to permit protection of the Fourth Amendment to turn on such a talismanic test. The *Miranda* warnings are an important factor, to be sure, in determining whether the confession is obtained by exploitation of an illegal arrest. But they are not the only factor to be considered. The temporal proximity of the arrest and the confession, the presence of intervening circumstances, see *Johnson v. Louisiana,* 406 U.S. 356, 365, 92 S.Ct. 1620, 1626, 32 L.Ed.2d 152 (1972), and, particularly, the purpose and flagrancy of the official misconduct are all relevant. See *Wong Sun v. United States,* 371 U.S. at 491, 83 S.Ct. [407] at 417 [9 L.Ed.2d 441]. The voluntariness of the statement is a threshold requirement. Cf. 18 U.S.C. § 3501 [18 USCS § 3501]. And the burden of showing admissibility rests, of course, on the prosecution.

*Id.* at 603–4, 95 S.Ct. at 2262 (footnotes omitted).

■ In the instant cause the suppression court rejected appellant's contention that his confession should have been excluded after concluding that the statement was voluntary under Fifth Amendment standards. Apparently adopting this view the post conviction court rejected the ineffective assistance of counsel claim. Since a determination of voluntariness is only "a threshold requirement" and there has been no consideration by the courts below of the other factors necessary to fully assess the contention, it cannot be said that appellant's claim that his confession should have been excluded was on its face without merit.

Having determined that the claim was properly preserved for review on direct appeal, that no reason of strategy has been offered to explain the failure to pursue it, and that it has not been established on this record that the claim was without merit, we are compelled to hold that the summary dismissal of the petition for post conviction relief was erroneous.

The order of the PCHA court dismissing the petition is reversed and the matter is remanded for further proceedings consistent herewith.

EAGEN, C. J., and POMEROY, J., agree that the trial court erred in dismissing the post-conviction petition of this appellant without a hearing, and would remand the case to that court for a determination whether appellate counsel had a reasonable basis for failing to pursue the claim that appellant's confession should have been suppressed as the product of an illegal arrest. See *Commonwealth v. Hubbard*, 472 Pa. 259, ——, 372 A.2d 687, 695–96 (1977).