424 A.2d 1302

**COMMONWEALTH of Pennsylvania,**

v.

**Donald LUTZ, Appellant.**

Supreme Court of Pennsylvania.

Submitted Sept. 24, 1980.

Decided Feb. 4, 1981.

supported by evidence in the record, those findings should not have been disturbed by the Commonwealth Court on appeal.

501

John H. Corbett, Jr., Asst. Public Defender, Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Deputy Dist. Atty., Pittsburgh, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

This is an appeal from an order of the Court of Common Pleas of Allegheny County which, after a counselled evidentiary hearing, dismissed a petition for relief under the Post Conviction Hearing Act (PCHA), Act of January 25, 1966, P.L. (1965) 1580, § 1 et seq., formerly 19 P.S. § 1180–1 et seq. Appellant Donald Lutz pled guilty to a single count of voluntary manslaughter while standing trial on charges including murder of the first and third degrees. He now contends that his guilty plea was unlawfully induced by the ineffective assistance of guilty plea counsel. The record supports the determination of the PCHA court that appellant's plea was not so induced. We affirm.

I

Appellant was charged with murder of the first degree, murder of the third degree, voluntary manslaughter, and involuntary manslaughter in connection with the death of Robert Van Tassell on September 10, 1977. The victim was killed as a result of stab wounds inflicted by appellant in the course of an altercation between the two men. Appellant has contended that he acted in self-defense. Although the Commonwealth has acknowledged that the victim initiated the altercation by accosting appellant, wielding a belt with a large buckle, and striking appellant several times, the Commonwealth has taken the position that appellant failed to retreat when obliged to do so and instead pursued the victim and stabbed him to death.

Trial testimony before a jury commenced on January 24, 1978. Among those testifying on the Commonwealth's behalf was a friend of appellant's, Phyllis Sadecky, the only eyewitness. Sadecky confirmed that the victim had initiated the altercation by striking appellant as many as four times in the face and other parts of the upper body. According to her testimony, appellant then pulled out a hunting knife he was carrying in his back pocket. After the

victim had swung the belt and buckle a "couple more" times and struck appellant, appellant started to swing the knife at the victim. Sadecky stated, "I saw [the victim] get slashed a couple times. But the one I saw was when he got stabbed in the chest." Sadecky added that the stab to the chest was a "penetrating" one, inflicted after the first time appellant had swung the knife, and after the victim had begun to move away. On direct examination Sadecky testified:

"Q. ... You say when Lutz began to swing the knife or to stab with the knife, you say Van Tassell moved back and away?

A. He, like, ducked out of the way or whatever.

Q. Did he move backward?

A. Yes.

Q. And did Lutz come at him then again with a knife?

A. Yes."

According to Sadecky, appellant never attempted to "break and try to run," even though there were no obstacles to a retreat. Sadecky additionally testified that, after the stabbing, appellant had given her another knife, a pocket-type with a folding blade, and had told her to say "[t]hat was the one he used." Cross-examination did not disturb Sadecky's version presented on direct testimony.

After defense testimony, including the testimony of appellant, the Commonwealth recalled Phyllis Sadecky to the witness stand. On redirect examination Sadecky testified that defense counsel told her "to forget about" the other knife, the hunting knife actually employed.

Defense counsel immediately requested a side-bar conference. Counsel adamantly denied ever attempting to alter or influence testimony or to conceal evidence. He then demanded that Sadecky be further questioned outside the jury's presence. The court granted the request and recessed the jury.

Additional questioning of Sadecky revealed that the suggestion of impropriety on the part of defense counsel was unfounded, and that "[i]t was the little [pocket-knife]"

which appellant had sought to portray as the knife employed, that counsel had told Sadecky to "forget about." Once the parties and the court resolved Sadecky's unfounded suggestion that defense counsel acted improperly, defense counsel moved for a mistrial on the ground that the suggestion had prejudiced the jury.

While the court was considering the defense's request for a mistrial, the prosecutor and defense counsel, with appellant's knowledge, entered into plea bargaining. The result of the negotiations was a change in appellant's plea from not guilty on all charges to guilty on the charge of voluntary manslaughter. In return, the Commonwealth agreed to drop both murder counts, but expressly refused to make a recommendation regarding sentence.

After an on-the-record colloquy, the trial court accepted appellant's plea to voluntary manslaughter. On April 4, 1978, following consideration of a pre-sentence report, the court imposed a sentence of three to ten years' imprisonment. The court additionally advised appellant of his right to petition to withdraw the plea, as well as his right of appeal. Appellant, however, made no challenge to either the plea or the sentence imposed.

In September of 1978, appellant initiated the present proceeding by filing a pro se petition for relief under the PCHA, alleging that his privately-retained counsel "forced" him to plead guilty. Counsel was appointed from the Office of the Public Defender of Allegheny County. Following the Commonwealth's answer, the PCHA court set the matter for a hearing.

The hearing was held on March 23, 1979. At the hearing, the PCHA court heard the testimony of both guilty plea counsel and appellant. On March 28, the PCHA court denied relief, finding no factual support for appellant's allegations. This appeal followed.

II

Appellant now makes two arguments in support of relief. First appellant contends that he was unreasonably "in-

duc[ed]" by trial counsel to plead guilty "when there was substantial evidence of self-defense on the record which would have resulted in an acquittal." Second, appellant claims that counsel should have never "persuaded" him to plead guilty to any charge while the mistrial motion was pending and "the probability of a mistrial existed."

■ There can be no question that appellant's claim of ineffective assistance of guilty plea counsel was properly before the PCHA court. Consistent with the requirement of section 3(d) of the PCHA, appellant's claim of ineffective assistance has not been "finally litigated." See *Commonwealth v. Hare*, 486 Pa. 123, 404 A.2d 388 (1979). And although appellant did not directly challenge the plea, his present contentions have not been "waived" within the meaning of section 3(d). As this Court held in *Commonwealth v. Mabie*, 467 Pa. 464, 359 A.2d 369 (1976),

"where a PCHA petition alleges as grounds for relief that trial counsel, with whom the petitioner consulted concerning the feasibility of appeal, has been ineffective and where trial counsel has not taken a direct appeal on behalf of the petitioner, the question of whether trial counsel was ineffective has not been waived for the purpose of review in a PCHA proceeding."

467 Pa. at 469–70, 359 A.2d at 372 (footnote omitted). See also *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975).

However, this is not to say that a showing of ineffective assistance is sufficient to justify relief where, as here, a plea of guilty has been entered. As in *Commonwealth v. Chumley*, 482 Pa. 626, 394 A.2d 497 (1978),

"[a]ppellant's claims of ineffectiveness must be evaluated in the context of his guilty plea. Upon entry of a plea of guilty, all grounds of appeal are waived other than challenges to the voluntariness of the plea and the jurisdiction of the sentencing court. *Commonwealth v. Greer*, 457 Pa. 646, 326 A.2d 338 (1974). Thus allegations of ineffective assistance of counsel in connection with entry of the guilty plea will serve as a basis for relief only if the ineffective-

ness caused appellant to enter an involuntary or unknowing plea. See *Commonwealth v. Jones*, 477 Pa. 266, 383 A.2d 926 (1978); *Commonwealth v. Bunch*, 466 Pa. 22, 351 A.2d 284 (1976)."

482 Pa. at 640–41, 394 A.2d at 504–505.

■ It must also be remembered that appellant has been afforded a hearing on his allegations and has been denied relief. In reviewing the PCHA court's determination, our task is not to engage in *de novo* evaluation of testimony.

"This Court does not sit as a trier of issues of fact, expecting to be persuaded that one or the other side is more credible. That is a task for a trial court and we would never invade that area of the judicial process."

*Reed v. Universal C.I.T. Credit Corp.*, 434 Pa. 212, 217, 253 A.2d 101, 104 (1969). Rather, we look to whether the PCHA court's determination is supported by evidence of record and is otherwise free of legal error. Compare *Commonwealth v. Yocham*, 473 Pa. 445, 375 A.2d 325 (1977) (taking PCHA petitioner's allegations as true for purposes of determining whether hearing should have been granted).

■ This record is clear that the PCHA court could properly reject appellant's allegations that counsel wrongfully "induced" or "persuaded" him to enter his plea. Among the evidence considered by the PCHA court was the colloquy conducted at the time appellant tendered his plea of guilty. In that colloquy, the court carefully and fully explored whether appellant was aware of the charges and the evidence presented against him, of his right to have the jury consider the evidence, of the possibility of a mistrial, and, should a mistrial be declared, of the consequences of a retrial. Also considered by the PCHA court was the testimony of guilty plea counsel. Counsel testified that he had emphasized to appellant that the likelihood of a successful claim of self-defense was seriously eroded by Commonwealth evidence indicating that appellant did not retreat, but instead pursued the victim. See generally *Commonwealth v. Black*, 474 Pa. 47, 376 A.2d 627 (1977). Counsel also testified that he had advised appellant of the risks

attending retrial, including costs, delay, and possible loss of defense witnesses and evidence.

Appellant did testify at the PCHA hearing that his responses to the court's questions at the guilty plea colloquy were not truthful, and had been made only in the hope that the court would suspend sentence. The PCHA court, which also conducted the colloquy and imposed the sentence, chose not to credit this testimony. In so deciding, the PCHA court acted well within its province as factfinder.

Because the record reflects support for the PCHA court's determination that appellant's plea to a single count of voluntary manslaughter was not induced by ineffective assistance of guilty plea counsel, the order of the PCHA court must be affirmed.

Order affirmed.