437 A.2d 1144

**COMMONWEALTH of Pennsylvania,**

v.

**Steven WILLIAMS, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 19, 1981.

Decided Dec. 17, 1981.

Norris E. Gelman, Philadelphia, court-appointed, for appellant.

Robert B. Lawler, Chief, Appeals Div., Gail Thachery, Philadelphia, for the Commonwealth.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

This is an appeal from an order of the Court of Common Pleas of Philadelphia, which denied appellant's petition for post-conviction relief following an evidentiary hearing. In denying the petition, the PCHA court rejected appellant's claim that his guilty plea had been induced by ineffective assistance of counsel and was thus invalid. We affirm.

Appellant Steven Williams was indicted on charges of murder generally, robbery and criminal conspiracy. Upon certification by the Commonwealth that the charge of murder rose no higher than murder of the third degree, appellant entered a plea of guilty. Following an on-the-record guilty plea colloquy, appellant received concurrent sentences of five to twenty years' imprisonment on the charges of murder of the third degree and robbery, and a sentence of five to ten years' imprisonment on the charge of criminal conspiracy, also to be served concurrently. At no time did trial counsel file either a petition to withdraw the guilty plea or a direct appeal. Subsequently, appellant filed a pro se PCHA petition. Court-appointed counsel then amended the petition and, after an adverse ruling by the PCHA court, filed this appeal.

Notwithstanding the Commonwealth's contrary assertion, there is no question that appellant's claim of ineffectiveness of guilty plea counsel was properly before the PCHA court. This ineffectiveness claim, which required an evidentiary hearing for its resolution, was raised at the earliest opportunity when appellant was represented by counsel other than his guilty plea counsel. Because counsel cannot be expected to raise his own ineffectiveness, the ineffectiveness claim was not waived by the failure of guilty plea counsel to file a motion to withdraw the plea or to file a direct appeal. *Commonwealth v. Miller*, 495 Pa. 177, 433 A.2d 1 (1981); *Commonwealth v. Lutz*, 492 Pa. 500, 424 A.2d 1302 (1981); *Commonwealth v. Mabie*, 467 Pa. 464, 359 A.2d 369 (1976). See also *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975).

Appellant's claim that his guilty plea was unlawfully induced is founded on the theory that guilty plea counsel failed to advise him fully of the possibilities for success on appellate review if he should be found guilty at trial. Appellant concedes that counsel properly advised him that a pre-trial ruling which had held his confession admissible would possibly be reversed on appeal, but argues that counsel improperly failed to advise him that derivative testimony of an accomplice would also possibly be held inadmissible on appeal as tainted by the invalid confession.*

It is well settled that, where a guilty plea has been entered,

"all grounds of appeal are waived other than challenges to the voluntariness of the plea and the jurisdiction of the sentencing court. *Commonwealth v. Greer*, 457 Pa. 646, 326 A.2d 338 (1974). Thus allegations of ineffective assistance of counsel in connection with entry of the guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea. See *Commonwealth v. Jones*, 477 Pa. 266, 383 A.2d 926 (1978); *Commonwealth v. Bunch*, 466 Pa. 22, 351 A.2d 284 (1976)."

* In the confession, appellant informed police of several accomplices who had participated in the robbery and accompanying homicide.

*Commonwealth v. Chumley*, 482 Pa. 626, 640–41, 394 A.2d 497, 504–05 (1978). Accord, *Commonwealth v. Lutz*, 492 Pa. 500, 505–06, 424 A.2d 1302, 1305 (1981). Moreover,

> "[i]n reviewing the PCHA court's determination, our task is not to engage in *de novo* evaluation of testimony. 'This Court does not sit as a trier of issues of fact, expecting to be persuaded that one or the other side is more credible. That is a task for a trial court and we would never invade that area of the judicial process.' *Reed v. Universal C. I. T. Credit Corp.*, 434 Pa. 212, 217, 253 A.2d 101, 104 (1969). Rather, we look to whether the PCHA court's determination is supported by evidence of record and is otherwise free of legal error. Compare *Commonwealth v. Yocham*, 473 Pa. 445, 375 A.2d 325 (1977) (taking PCHA petitioner's allegations as true for purposes of determining whether hearing should have been granted)."

*Commonwealth v. Lutz*, supra, 492 Pa. at 506, 424 A.2d at 1305.

In addressing the merits, the PCHA court disbelieved appellant's testimony at the evidentiary hearing and found that appellant's guilty plea had not been entered as a consequence of ineffective assistance of counsel, but had been motivated by his awareness that he was guilty and the Commonwealth's certification that the charge of murder rose no higher than murder of the third degree. Because the PCHA court's determination is supported by evidence of record and is free of legal error, it must be affirmed.

Prior to the entry of the guilty plea, guilty plea counsel filed a motion to suppress a confession given to police by appellant, alleging that the confession was inadmissible because appellant, who at the time was 17 years old, had waived his *Miranda* right to remain silent without first consulting with an adult interested in his welfare. The motion requested that the confession and "[a]ny and all evidence of every kind and description which was obtained as a result of the confession ... be barred from being received or admitted into evidence."

490

The motion was based upon this Court's decision in *Commonwealth v. McCutcheon*, 463 Pa. 90, 343 A.2d 669 (1975). *McCutcheon* held inadmissible the confession of a juvenile made without the benefit of guidance by an adult interested in his welfare. Nevertheless, the suppression court denied relief. At the guilty plea colloquy, appellant's counsel reminded appellant of the adverse suppression ruling and the possibility of reversal on appeal:

> "Q. You remember, Mr. Williams, that I told you that the judge that heard your motion to suppress the confession in this case denied the motion.
>
> Further, I told you if you were to go to trial and that confession were to be used against you, it was my professional opinion there would be a possibility that the Supreme Court would rule the confession was not properly obtained from you. Do you remember that?
>
> A. Yes, sir.
>
> Q. Notwithstanding what I've told you just now, you still wish to plead guilty and waive the right to have the Supreme Court test the admissibility of that confession?
>
> A. Yes."

At the evidentiary hearing before the PCHA court, guilty plea counsel testified:

> "I told him in terms of his appellate rights that if he pled guilty that any questions of law concerning the admissibility of his confession would be waived, if that's what you're referring to.
>
> .  .  .  .  .
>
> I don't remember the specifics that I told him about. My primary concern was that he be aware of the fact that I thought he had a reasonable chance to win the *McCutcheon* issue on appeal and I think that's reflected in the colloquy in the guilty plea."

At the guilty plea colloquy, in support of the Commonwealth's certification of murder of the third degree, the Commonwealth attorney informed the court that appellant's

statements to police had been responsible for the arrests of four others who had participated in the robbery and resulting homicide, and that appellant had participated only as a watchman for the others. At the sentencing hearing, the court again was reminded of these mitigating circumstances. Notwithstanding a prior juvenile record, appellant received less than the maximum sentences permitted for murder of the third degree and robbery, as well as a court direction that he receive group psychotherapy while incarcerated.

From the evidence of record the PCHA court reasonably concluded that appellant's decision to plead guilty was based upon his awareness of his guilt and the opportunity for leniency inherent in the Commonwealth's certification of murder of the third degree. In choosing to disbelieve appellant's testimony at the evidentiary hearing, the PCHA court acted within its province as factfinder. The record supports the PCHA court's finding that appellant's decision to plead guilty despite his knowledge of a possible violation of *Commonwealth v. McCutcheon* would not have been altered if he had also been informed of the possibility that, on appeal, the testimony of witnesses obtained as a consequence of appellant's confession might have been held inadmissible. See *Commonwealth v. Chumley*, 482 Pa. 626, 648, 394 A.2d 497, 508 (1978). Accordingly, the order of the PCHA court is affirmed.

Order affirmed.

NIX, J., filed a concurring opinion.

NIX, Justice, concurring.

This record supports the P.C.H.A. court's determination that appellant's guilty plea had been motivated by the Commonwealth's willingness to certify that the degree of murder was no higher than murder of the third degree in the event of an entry of the plea of guilt. This finding justified the order denying relief and that order is properly affirmed by this Court.