437 A.2d 1147

## COMMONWEALTH of Pennsylvania

v.

## Preston CLAYTON, Appellant.

Supreme Court of Pennsylvania.

Submitted Oct. 19, 1981.

Decided Dec. 17, 1981.

Justine Gudenas, Philadelphia (Court-appointed), for appellant.

Robert B. Lawler, Chief, Appeals Div., Deborah Fox, Philadelphia, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

This is an appeal from an order of the Court of Common Pleas of Philadelphia denying appellant Preston Clayton leave to file an appeal, as if timely filed, from convictions of murder of the third degree and conspiracy. We affirm.

Appellant was found guilty by a court sitting without a jury on January 3, 1977. Appointed trial counsel filed a timely motion in arrest of judgment or for a new trial on appellant's behalf. On March 15, 1977, the court denied relief and imposed a sentence of six to twenty years' imprisonment for the murder. The court also imposed a sentence of five to ten years' imprisonment for the conspiracy, to run concurrent to the murder sentence.

Immediately after imposing sentence, the court stated:

"Now, I have imposed sentence upon you, Mr. Clayton. You have appeal rights. I'm going to tell you what they are right now. You may wish to appeal the judgment of guilty in this case because there was insufficient evidence. You may wish to appeal because something was improperly or illegally done at any point in this case prior to the trial or after the trial. In the event you wish to take an appeal you must take it within 30 days from today's date. If you appeal the murder conviction it has to be appealed to the Supreme Court of Pennsylvania. If you appeal the conspiracy conviction you must appeal it to the Superior

Court of Pennsylvania. In any event, whatever you wish to do, if you want the appeal filed and you cannot afford an attorney to represent you the Court will appoint one to represent you without any fee or any cost."

No appeals were timely filed.

On May 1, 1978, nearly fourteen months after imposition of sentence, appellant filed a petition with this Court seeking leave to file an appeal from the murder conviction as if timely filed. Appellant alleged that, following his convictions he had "wished to take an appeal and thought that his counsel had filed an appeal for [him]." This Court remanded the petition to the court of common pleas with the direction to treat the matter as a petition for post-conviction relief.

New counsel was appointed to assist appellant in this proceeding. Following the appointment, counsel filed an amended petition for post-conviction relief which contained allegations identical to those contained in the petition which appellant had filed with this Court. The Commonwealth denied appellant's allegations, and the court fixed a hearing date.

At the hearing, held in April of 1980, appellant claimed on direct examination that appointed trial counsel had told him that an appeal would be filed. He further claimed that, upon learning that no appeal had been filed on his behalf, he had immediately commenced the present proceedings. On cross-examination, appellant acknowledged that the court had explained that an appeal would have to be taken within thirty days of the entry of sentence, and that he had made no inquiry regarding the status of the matter for approximately one year, until shortly before the present proceedings commenced.

The Commonwealth presented the testimony of appellant's appointed trial counsel. Counsel unequivocally denied that appellant had told him to take an appeal. According to counsel,

"[w]e spoke a few seconds after he was advised of his appellate rights at the counsel table and he said he would

let me know what he wanted me to do. I have not heard from the Defendant from that date. . . . "

Additionally, on cross-examination, appointed trial counsel stated that he had told appellant that appellant would have to "get back in touch within the thirty days. . . . "

At the close of testimony, the court denied relief. The Court specifically rejected the testimony of appellant and chose to believe the testimony of appointed trial counsel. This appeal followed.*

Appellant is constitutionally guaranteed the right to appeal his convictions. Pa.Const. art. V, § 9; *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). Like the right to a trial by jury, the right to counsel, and the right to testify on one's own behalf, the right to appeal is personal to the defendant. *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); *Commonwealth v. Hertzog*, 492 Pa. 632, 425 A.2d 329 (1981); Comment, Criminal Waiver: The Requirement of Personal Participation, Competence and Legitimate State Interest, 54 Calif.L.Rev. 1262 (1966). However, the right to appeal may be relinquished, as long as the relinquishment is knowing, voluntary, and intelligent. *Fay v. Noia*, supra; *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

On the basis of appellant's own testimony, including his statement that he told appointed trial counsel to take an appeal, appellant cannot be heard to complain that he did not understand his appellate rights. The sole question is whether appellant indeed informed counsel of his desire to appeal. Although appellant testified in support of his contention, the testimony of appointed counsel was squarely to the contrary. The hearing court, after evaluating both

---

* Appellant's present appeal challenges the denial of relief as to both the murder and the conspiracy convictions. Although an appeal from the denial of relief as to the conspiracy conviction would more properly be taken to the Superior Court, the Commonwealth raises no objection. In the interest of judicial economy, this Court will consider the appeal in its entirety. See *Commonwealth v. Berrios*, 495 Pa. 444, 449 n.1, 434 A.2d 1173, 1176 n.1 (1981); *Commonwealth v. Shain*, 493 Pa. 360, 363 n.1, 426 A.2d 589, 590 n.1 (1981).

versions, chose to credit the testimony of counsel. "In reviewing the PCHA court's determination, our task is not to engage in *de novo* evaluation of testimony." *Commonwealth v. Lutz*, 492 Pa. 500, 506, 424 A.2d 1302, 1305 (1981). Accordingly, the order denying relief may not be disturbed.

Order affirmed.