441 A.2d 1216

**COMMONWEALTH of Pennsylvania**

v.

**James GLOVER, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 18, 1982.

Decided March 10, 1982.

Joseph P. Grimes (Court-appointed), Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Deborah Fox, Philadelphia, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

This is an appeal from an order of the PCHA court denying appellant's petition for post-conviction relief following an evidentiary hearing. Appellant was found guilty by a jury of murder of the first degree, and the judgment of

sentence of life imprisonment was affirmed by this Court on direct appeal. 446 Pa. 492, 286 A.2d 349 (1972). Appellant subsequently filed a petition for PCHA relief, the denial of which was affirmed by this Court. 465 Pa. 288, 349 A.2d 910 (1976) (per curiam). Two subsequent petitions raising the same issues that had previously been raised were dismissed by the PCHA court without an evidentiary hearing. See generally *Commonwealth v. Sangricco,* 490 Pa. 126, 415 A.2d 65 (1980). The orders denying relief were not appealed.

■ In the present PCHA petition, appellant alleges the ineffectiveness of prior counsel for having failed to challenge this Court's affirmance on direct appeal. He contends that the affirmance was based upon an erroneous reading of the record, and that the erroneous reading influenced this Court's disposition of his claims of prosecutorial misconduct and an improper jury charge. Appellant also alleges the ineffectiveness of prior counsel for having failed to challenge the validity of his arrest and arraignment for murder. Because appellant has not established any basis for relief, we affirm the order of the PCHA court.

Appellant's challenge to this Court's affirmance of his judgment of sentence in 1972 is based upon the following statement in the opinion announcing the judgment of the Court:

"Glover attempted to excuse the stabbing by pleading self-defense at trial, but this defense failed as a matter of law, and undoubtedly failed to impress the jury, when Glover admitted during cross-examination that he stabbed Robinson as the latter was attempting to flee from him."

446 Pa. at 495, 286 A.2d at 351. Accepting appellant's contention that such an admission does not appear of record, the PCHA court concluded that this statement did not underlie the Court's reasoning in affirming judgment of sentence and thus could not form a basis for relief.

■ Appellant's allegation that the denial of relief was based upon the opinion's misstatement of fact must be rejected. The challenged opinion expressed the view of only

two of the four justices who participated in the decision of the case and, hence, did not represent the view of a majority of the Court. The remaining two justices concurred in the result. Their votes represent only their agreement with the mandate affirming the judgment of sentence, and nothing more. Moreover, in its analysis of the opinion announcing the judgment of the Court, the PCHA court stated:

"A review of the entire Opinion of the Pennsylvania Supreme Court indicates that the erroneous fact was not recited by the court in connection with its consideration or resolution of the 'jury charge' issue, nor in connection with any of the other issues before it. The Court's statement of fact in its summary had absolutely no relationship to the resolution of any of the legal issues confronted by the Supreme Court. Therefore, it is clear that the issue is without merit."

This determination is fully supported by a reading of the challenged opinion.

■ Appellant bases his additional claim of ineffective assistance on the contention that he was not arrested and preliminarily arraigned for the charges upon which he was tried and convicted, but only upon an unrelated robbery charge. This contention, however, is supported only by appellant's testimony at the PCHA hearing. That testimony, which was contradicted by a police officer, was found by the PCHA court "to be unworthy of belief." It is the function of the factfinder to pass upon the credibility of witnesses.

"In reviewing the PCHA court's determination, our task is not to engage in *de novo* evaluation of testimony. 'This Court does not sit as a trier of issues of fact, expecting to be persuaded that one or the other side is more credible. That is a task for a trial court and we would never invade that area of the judicial process.' *Reed v. Universal C.I.T. Credit Corp.*, 434 Pa. 212, 217, 253 A.2d 101, 104 (1969)." *Commonwealth v. Lutz*, 492 Pa. 500, 506, 424 A.2d 1302, 1305 (1981). Accord, *Commonwealth v. Williams*, 496 Pa. 486, 437 A.2d 1144 (1981); *Commonwealth v. Clayton*, 496 Pa. 486, 437 A.2d 1147 (1981).

Accordingly, the order of the PCHA court is affirmed.
Order affirmed.

NIX, J., concurs in the result.