## Commonwealth v. Celotto-Edwards

*Janie Swinehart, assistant district attorney,* for Commonwealth.

*Christopher Lyden,* for defendant.

FARINA, *P.J.,* September 2, 2008—Before the court is defendant, Thomas Celotto-Edward's amended petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§9541-46, filed January 25, 2008. Defendant filed a timely pro se PCRA petition on October 15, 2007. Later, Christopher P. Lyden, Esquire was appointed as counsel and filed the instant petition. A hearing was held before this court on June 5, 2008.

On October 10, 2006, defendant pleaded guilty to one count of aggravated assault[1] and one count of firearms not to be carried without a license.[2] That day, the Honor-

---

1. 18 Pa.C.S. §2702(a)(1).
2. 18 Pa.C.S. §6106(a)(1).

able Paul K. Allison[3] sentenced defendant to five to 10 years on the aggravated assault charge, and one to two years on the firearms not to be carried without a license charge, plus fines, costs and restitution. Defendant is currently incarcerated at State Correctional Institution Forest. Defendant now requests this court to invalidate his guilty plea and grant him a new trial based on ineffective assistance of counsel.

Defendant's charges arose out of an incident that occurred on November 16, 2005 in the 200 block of W. Vine Street, Lancaster, Pennsylvania. At roughly 7 a.m. defendant walked into an alley, approached the victim and solicited her services as a prostitute. Defendant did not want to pay for the victim's services, so he brandished a loaded .38 caliber handgun. A struggle ensued between the victim and defendant, with the victim ultimately being shot in the leg.[4] Defendant fled the scene without helping the wounded victim.

In his petition, defendant presents three grounds for relief. He contends that his counsel, Patricia K. Spotts, Esquire was ineffective by: (1) failing to object to a defective plea colloquy, resulting in defendant entering an unknowing, unintelligent and involuntary plea; (2) failing to withdraw his guilty plea despite the absence of a

---

3. Judge Allison is now on retired status and this case was reassigned.

4. Defendant told this version of the facts to a detective shortly after the incident, and defendant's charges are based on these facts. However, defendant testified at his PCRA hearing that he had actually walked down the alley that morning to sell the victim drugs, and that the two struggled with the gun after the victim refused to pay for the drugs. The court does not find the second factual version credible.

factual basis for it; and (3) failing to fully discuss with him his version of the incident and possible legal defenses to the charges.

To be eligible for relief under the PCRA, petitioner must plead and prove by a preponderance of the evidence the following: (1) that petitioner has been convicted of a crime under the laws of this Commonwealth and is, at the time relief is granted, currently serving a sentence of imprisonment, probation or parole for the crime; (2) that the conviction resulted from one or more of the errors enumerated in 42 Pa.C.S. §9543(a)(2); (3) that the allegation of error has not been previously litigated or waived; and (4) that the failure to litigate the issue prior to or during trial or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel. 42 Pa.C.S. §9543.

To prevail on a claim alleging ineffective assistance of counsel, a defendant must prove the following: (1) that the underlying claim is of arguable merit, (2) that counsel had no reasonable strategic basis for his action or inaction; and (3) that, but for the omission of counsel, there is a reasonable probability that the outcome of the proceeding would have been different. *Commonwealth v. Kimball,* 555 Pa. 299, 312, 724 A.2d 326, 333 (1999). Failure to address any prong of the test will defeat an ineffectiveness claim. *Commonwealth v. Basemore,* 560 Pa. 258, 295 n.23, 744 A.2d 717, 738 n.23 (2000).

In the defendant's first claim, he contends that Ms. Spotts was ineffective by not objecting to the alleged defective plea colloquy. Specifically, he asserts that the colloquy was defective because there was an insufficient

factual basis for the plea, and that counsel's failure to object to it resulted in defendant entering an unknowing, unintelligent and involuntary plea.

A guilty plea may be challenged on three grounds: (1) the legality of the sentence; (2) the jurisdiction of the court; and (3) the voluntary, knowing and intelligent nature of the guilty plea itself. *Commonwealth v. Alston,* 387 Pa. Super. 393, 396, 564 A.2d 235, 237 (1989). A court must consider the totality of the circumstances in determining the validity of a plea. *Commonwealth v. Allen,* 557 Pa. 135, 146, 732 A.2d. 582, 588-89 (1999). The bottom line inquiry is whether the defendant understood what he was doing when he entered the guilty plea. *Commonwealth v. Blackwell,* 436 Pa. Super. 294, 308, 647 A.2d 915, 922 (1994).

Defendant's first argument fails. First, there was a factual basis to support the charges against defendant and the guilty pleas thereto. The assistant district attorney enumerated the facts for the charges of aggravated assault and firearms not to be carried without a license, saying specifically, "he wanted her services rendered for free. She didn't want to, and the gun came out, and she was shot one time in the leg." (N.T. guilty plea p. 2.) Further, Public Defender Spotts testified that she believed defendant understood that "using a deadly weapon on a person and causing bodily injury or serious bodily injury is . . . the definition of aggravated assault." (N.T. PCRA pp. 53, 62.) Defendant testified at his PCRA hearing that "I [had] my weapon on," and "the weapon went off and she was injured." (N.T. PCRA pp. 6, 7.) He further testified that he did not have a license to carry this loaded weapon. (N.T. PCRA p. 14.)

Second, defendant's guilty plea was knowing, intelligent, and voluntary. Before defendant pleaded guilty to the two charges against him, he was advised that he had an absolute right to a jury trial at which the Commonwealth would have to prove all the elements of the charges against him beyond a reasonable doubt, and that by pleading guilty, he waived these rights. Defendant stated that he understood these rights and was waiving them by pleading guilty. (N.T. guilty plea p. 3.) The court advised defendant of the maximum terms of confinement and the maximum sentence that could be imposed, as well as the maximum fines. Defendant stated that he understood. (N.T. guilty plea p. 4.) The court asked defendant whose decision it was to plead guilty to these charges, and defendant replied that it was his decision. (N.T. guilty plea p. 5.) The court inquired whether anyone had threatened defendant or had made promises to him to induce him to plead guilty, and defendant responded that no such threats or promises were made. (N.T. guilty plea p. 5.) Finally, the court asked defendant if he was pleading guilty to the factual scenario, and defendant replied that he was. (N.T. guilty plea p. 5.) Thus, counsel was not ineffective in failing to object to the valid plea colloquy, and counsel's actions did not induce defendant to enter an involuntary plea.

In the defendant's second claim, he contends that Ms. Spotts was ineffective by failing to file a motion to withdraw the plea after it was entered. The withdrawal of a guilty plea prior to sentencing should be freely permitted for any fair and just reason unless the withdrawal would substantially prejudice the Commonwealth. *Commonwealth v. Jones,* 389 Pa. Super. 159, 162, 566 A.2d 893,

894 (1989). However, the standard for withdrawing a guilty plea after sentencing is more stringent. Specifically, a showing of prejudice on the order of manifest injustice is required before withdrawal after sentencing is properly justified. *Commonwealth v. Shaffer,* 498 Pa. 342, 346, 446 A.2d 591, 593 (1982). Further, the Pennsylvania Supreme Court has stated that after a guilty plea is entered: "all grounds of appeal are waived other than challenges to the voluntariness of the plea and the jurisdiction of the sentencing court. . . . Thus allegations of ineffective assistance of counsel in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea." *Commonwealth v. Williams,* 496 Pa. 486, 488, 437 A.2d 1144, 1146 (1981). (internal citations omitted)

Here, the defendant was sentenced on the day he entered his guilty plea, October 10, 2006. Defendant has not set forth a sufficient argument that he suffered the "manifest injustice" that would have been required for counsel to successfully withdraw his guilty plea after sentencing. Further, Ms. Spotts testified that at no time during the guilty plea did the defendant ever tell her that he did not want to plead guilty, and that if he had, she would have pulled his guilty plea. (N.T. PCRA pp. 63-64.) In addition, again, defendant's guilty plea colloquy was valid and he entered a knowing and voluntary plea. Thus, defendant's second argument for ineffective assistance of counsel fails.

In the defendant's third claim, he contends that Ms. Spotts was ineffective in failing to discuss possible defenses with him. Specifically, he asserts that he did not know he could have claimed the shooting was an acci-

dent, and that he would have taken the case to trial rather than pleading guilty had he known of this possible defense.

Defendant's third claim fails by his own admission. Namely, he testified at his PCRA hearing that Ms. Spotts discussed with him the possibility of using the defense of accident, but advised him it would be ill-liked by a jury. (N.T. PCRA p. 27.) In conformity with the defendant's testimony, Ms. Spotts testified that she considered using the defense of accident but was concerned that a jury would not accept it considering that the defendant had a loaded gun out when approaching the victim and that a witness observed the defendant casually walking away from the victim after she was shot. (N.T. PCRA p. 45.) Ms. Spotts testified that she explained her concern to defendant, and that she mapped out what could happen to defendant if he pleaded guilty versus if he went to trial. (N.T. PCRA pp. 47-48.) Ms. Spotts further testified that there was no question in her mind that defendant knew he was giving up the right to take the case to a jury and raise the accident of defense when he entered his guilty plea. (N.T. PCRA p. 62.) The court finds Ms. Spotts' testimony credible.

Defendant has failed to establish that his counsel was ineffective. Accordingly, I enter the following:

## ORDER

And now, September 2, 2008, upon consideration of petitioner Thomas Celotto-Edwards' amended petition for post-conviction relief it is hereby ordered and decreed that the petition is denied.