J-S30038-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANDREW MARK SVENTEK | : | |
| | : | |
| Appellant | : | No. 80 WDA 2020 |

Appeal from the PCRA Order Entered December 17, 2019
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000185-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANDREW M. SVENTEK | : | |
| | : | |
| | : | No. 81 WDA 2020 |

Appeal from the PCRA Order Entered December 17, 2019
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000186-2018

BEFORE:   MURRAY, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                 FILED JULY 24, 2020

Appellant Andrew M. Sventek appeals from the Order entered in the

Court of Common Pleas of Erie County on December 17, 2019, denying his

_____

[*] Former Justice specially assigned to the Superior Court.

first petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  We affirm.[2]

On August 7, 2018, Appellant pled guilty to Count Two at Docket Number 185-2018, Persons not to Possess, Use Manufacture Control, Sell or Transfer Firearms, and Count Three, Terroristic Threats.[3]  The charges arose following Appellant's acts of pointing a loaded, semi-automatic handgun at Ryan Burlew's head and threatening to shoot him on December 11, 2017. Also on August 7, 2018, Appellant entered a guilty plea in an unrelated matter to Count Two at Docket Number 186 2018, Access Device Fraud.[4]  This charge followed Appellant's using an access device to obtain fifteen hundred ($1,500.00) dollars from Tina Sventek's bank account on November 24, 2017.

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] Appellant properly filed counselled, separate notices of appeal at each of the two lower court dockets:  No. 185 of 2018 and 186 of 2018, on January 16, 2020. See Commonwealth v. Walker, 185 A.3d 969 (Pa. 2018); Commonwealth v. Nichols, 208 A.3d 1087, 1089 (Pa.Super. 2019) (explaining that the Pennsylvania Supreme Court in Walker held that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case. The Supreme Court observed that the Official Note to Rule 341 of the Pennsylvania Rules of Appellate Procedure provides a bright-line mandatory instruction to practitioners to file separate notices of appeal, and accordingly, determined that the failure to do so requires the appellate court to quash the appeal.") (internal citations and quotation marks omitted; emphasis removed).

[3] 18 Pa.C.S.A. §§ 6105(a)(1) and 2706(a)(1), respectively.

[4] 18 Pa.C.S.A. § 4106(a)(1)(ii).

The Commonwealth agreed to nolle pros the remaining charges at both dockets in exchange for Appellant's guilty pleas.

On September 28, 2018, Appellant received an aggregate sentence of six (6) years to twelve (12) years in prison.[5] Appellant did not file either a post sentence motion or a direct appeal following his judgment of sentence.

On June 7, 2019, Appellant filed a timely PCRA petition pro se. Counsel was appointed and filed a Supplement to Motion for Post Conviction Collateral Relief on October 30, 2019. Therein, Appellant challenged the validity of his guilty pleas and asserted that they had been entered involuntarily due to trial counsel's ineffectiveness. On November 19, 2019, the PCRA court filed its Notice of Intent to Dismiss PCRA Pursuant to Pa.R.Crim.P. 907(1), and in its Order entered on December 17, 2019, the PCRA court dismissed Appellant's PCRA petition.

Appellant filed timely notices of appeal, and upon receipt thereof, the PCRA court entered an Order on January 10, 2020, directing Appellant to file a concise statement of the matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).[6] Appellant filed his Concise Statement of Matters

_____

[5] Specifically, Appellant received sixty (60) months to one hundred twenty (120) months in prison on the firearms charge and twenty-four (24) months to forty-eight (48) months on the Terroristic Threats charge, to run concurrently with the firearms charge. Appellant received an additional twelve (12) months to twenty-four (24) months of incarceration on the Access Device Fraud charge which was to run consecutively to the firearms charge.

[6] The PCRA court thereafter entered a Corrected Order wherein he added docket number 185-2018 to the caption.

Complained of on Appeal on January 29, 2020, and on February 24, 2020, the PCRA court filed its Rule 1925(a) Opinion. Therein, the court indicated that its rationale for dismissing Appellant's PCRA petition had been set forth in its Notice of Intent to Dismiss entered on November 21, 2019, and in the Final Order entered on December 17, 2019; therefore, no further Opinion would be forthcoming. On May 5, 2020, Appellant filed an application for consolidation of the appeals with this Court, and on May 11, 2020, this Court granted the motion in a Per Curiam Order.

In his brief, Appellant presents the following two questions for our consideration:

A. WHETHER THE APPELLANT'S GUILTY PLEAS WERE INVALIDATED GIVEN THE INEFFECTIVE ASSISTANCE OF COUNSEL DUE TO COUNSEL'S CONDUCT THAT INDUCED THE ENTRY OF GUILTY PLEAS IN THE NATURE OF MISREPRESENTATIONS AND INACTION AS TO THE FORMULATION OF A DEFENSE OF THE APPELANT [SIC] WAS AN INNOCENT PARTY?

B. WHETHER THE APPELLANT WAS AFFORDED INEFFECTIVE ASSISTANCE OF COUNSEL IN FAILING TO ABIDE BY THE APPELLANT'S DIRECTIVE TO SEEK TO WITHDRAW THE GUILTY PLEAS?

Brief for Appellant at 2.[7]

_____

[7] The substance of the Commonwealth's brief consists of the following:

The Trial Court's Opinion, filed February 24, 2020, which incorporates its Notice of Intent to Dismiss PCRA that was filed on November 21, 2019, along with its Final Order that was filed on December 17, 2019, accurately and appropriately address the issues raised by Appellant in Appellant's Concise Statement of

_____

Matters Complained of on Appeal. The Commonwealth would join the Trial Court in its reasoning, whereby it concludes the issues raised in Appellant's Concise Statement of Matters Complained of on Appeal are without merit based on a review of the record as well as relevant statutory and case law. Therefore, enclosed for incorporation into the Commonwealth's argument is the Trial Court's Opinion, attached as Commonwealth's Exhibit A, its Notice of Intent to Dismiss PCRA Pursuant to Pa.R.Crim.P. 907(1), attached as Commonwealth's Exhibit B, and its Final Order, attached as Commonwealth's Exhibit C.

Commonwealth's Brief at 1.

We remind the Commonwealth of the Pennsylvania Supreme Court's recent pronouncement pertaining to a party's attempt to incorporate prior arguments in an appellate brief:

[o]ur rules of appellate procedure specifically require a party to set forth in his or her brief, in relation to the points of his argument or arguments, "discussion and citation of authorities as are deemed pertinent," as well as citations to statutes and opinions of appellate courts and "the principle for which they are cited." Pa.R.A.P. 2119(a), (b). Therefore our appellate rules do not allow incorporation by reference of arguments contained in briefs filed with other tribunals, or briefs attached as appendices, as a substitute for the proper presentation of arguments in the body of the appellate brief. Were we to countenance such incorporation by reference as an acceptable manner for a litigant to present an argument to an appellate court of this Commonwealth, this would enable wholesale circumvention of our appellate rules which set forth the fundamental requirements every appellate brief must meet. See, e.g., Pa.R.A.P. 2135(a)(1) (establishing length of principal brief at no greater than 70 pages); Commonwealth v. (James) Lambert, 568 Pa. 346, 356 n.4, 797 A.2d 232, 237 n.4 (2001) (Opinion Announcing Judgment of the Court) (refusing to consider claims not argued in the brief but incorporated by reference from motions made at trial and observing that "[t]o permit appellant to incorporate by reference his previous motions would effectively allow him to more than double the original briefing limit."). The briefing requirements scrupulously delineated in our appellate rules are not mere trifling matters of

Initially, we note that in reviewing the propriety of the PCRA court's dismissal of Appellant's petition, we are limited to determining whether the court's findings are supported by the record, and whether the order is free of legal error. Commonwealth v. Allen, 557 Pa. 135, 732 A.2d 582 (1999).

In his first issue, Appellant contends his guilty pleas were unknowing and involuntary because trial counsel had provided him with erroneous legal advice that induced him to plead guilty, despite the fact that he is "absolutely innocent of all criminal charges in these cases." Brief for Appellant at 5, 8-9. Appellant maintains his desire to take his case to trial was "impacted and undermined" by counsel's "consistent conduct" in failing to reply to Appellant's letters and provide him with discovery and in his expressing disgust with Appellant's wish to proceed to trial. Id. Appellant further contends counsel pressured him to plead guilty:

> by telling him the Commonwealth would disclose[] his entire criminal record to the jury at trial and that he would be subject to the maximum sentence possible if convicted. Counsel further represented that [Appellant] would be out of jail sooner if he took

_____

> stylistic preference; rather, they represent a studied determination by our Court and its rules committee of the most efficacious manner by which appellate review may be conducted so that a litigant's right to judicial review as guaranteed by Article V, Section 9 of our Commonwealth's Constitution may be properly exercised. Thus, we reiterate that compliance with these rules by appellate advocates who have any business before our Court is mandatory.

Commonwealth v. Housman, 226 A.3d 1249, 1264 (Pa. 2020) (citation omitted).

the plea agreement than if he went to trial and won. After being confronted with all of these representations from counsel, [Appellant] relented and agreed to enter the guilty pleas and accept the terms of the plea agreement.

Id.

Appellant also posits that counsel exceeded the bounds of credible advocacy and acted in contravention of his interests in "deceiving him" to accept the guilty pleas for crimes he did not commit. Id. at 7. Although he recognizes the written and oral plea colloquies evince the contrary, Appellant concludes that his sentence of five to ten years' incarceration on the firearms charge, "was a wholesale departure from what counsel had represented to [Appellant] in an effort to intimidate and induce him into maintaining his guilty pleas." Id. at 7-11.

Preliminarily, we note that a petitioner may obtain relief on his allegation that he had been unlawfully induced to plead guilty where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent. 42 Pa.C.S.A. § 9543(a)(2)(iii). As the PCRA court relevantly indicated herein, there is no merit to Appellant's claim. Specifically, the PCRA court indicated:

> After a defendant has entered a guilty plea, the only cognizable issues under the PCRA are the validity of the plea proceedings and the legality of sentence. Commonwealth v. Rounsley, 717 A.2d 537 (Pa.Super. 1998). Allegations of ineffective assistance of counsel in connection with entry of the guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea. Commonwealth v. Williams, 437 A.2d 1144, 1146 (Pa. 1981). Counsel is presumed effective. Commonwealth v. Carter, 540

- 7 -

Pa. 135, 656 A.2d 463, 465 (1995). Erroneous advice of counsel must prejudice the defendant to the extent that it enticed the defendant to plead guilty when they would have otherwise not have done so. Commonwealth v. Rathfon, 899 A. 2d 365, 370 (Pa.Super. 2006). The law presumes a defendant who entered a guilty plea was aware of what he was doing, and thereafter, he bears the burden of proving otherwise. Commonwealth v. Stork, 737 A.2d 789, 790 (Pa.Super. 1999). Petitioner's claims are belied by the record.

Voluntariness of Guilty Pleas

At the plea hearing, [Appellant] and his counsel signed a Statement of Understanding of Rights under oath which was reviewed with him in full at the hearing. The Statement of Understanding of Rights set forth:

Paragraph 4: I understand that the maximum sentence for the crime(s) to which I am pleading guilty/no contest is at Docket No. 185 of 2018 - Count 2: $25,000/10 years, Count 3: $10,000/5 years; At Docket No. 186 of 2018 - Count 2: $5,000/2 years.

Total: $40,000/17 years

Paragraph 5: … In exchange, the Commonwealth will nolle pros all remaining counts at both dockets, with costs on the defendant. The Commonwealth has no objection to the sentence at Docket No. 186 of 2018 running concurrent to the sentence at Docket No. 185 of 2018.

Paragraph 6: I understand that the Judge is not bound by the terms of any plea bargain unless the judge chooses to accept it. The Judge will announce his/her decision at the conclusion of the plea colloquy which follows my signing this paper. If the Commonwealth agrees to make a sentencing recommendation on my behalf, the Judge will not be bound by this recommendation and I understand that I will not be permitted to withdraw my guilty/no contest plea if this should occur.

See Statement of Understanding of Rights. [Appellant] and his counsel signed the statement, indicating their understanding of the maximum sentences Petitioner faced; the Judge was not bound by any plea agreement between [Appellant] and the Commonwealth; and if the Judge chose not to accept the terms of

any plea bargain, this would not be a basis for withdrawal of [Appellant's] guilty plea. See Statement of Understanding of Rights.

Moreover, the plea colloquy demonstrates the plea was knowing, voluntary and intelligent. In open court and under oath, [Appellant] acknowledged the weapon at Counts Two and Three of No. 185 of 2018 was a semiautomatic handgun, not a BB gun, and was loaded. Tr. Plea, pp. 9-11. After the legal and factual basis of the charges and maximum penalties he faced were read out loud to him, [Appellant] unequivocally pled guilty to Counts Two and Three of No. 185 of 2018 and Count Two of No. 186 of 2018. Tr. Plea pp. 9-13. [Appellant] further indicated he understood the Judge was not bound by the terms of any plea bargain and/or Commonwealth sentencing recommendation. Tr. Plea, pp. 5, 8.

Also, at the plea hearing [Appellant] and his counsel signed the reverse side of the Criminal Information, further confirming Petitioner understood the grading of the offenses and the nature and extent of the plea agreement. See Criminal Informations; Tr. Plea, pp. 11-12.

Thus, the record amply demonstrates Petitioner was aware of, and acknowledged, the charges to which he was pleading guilty and the potential maximum sentences he faced. "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." Commonwealth v. Yeomans, 24 A.3d 1044, 1047 (Pa. Super. 2011). No patent defect exists with regard to the plea colloquy. [Appellant] fails to point to performance of counsel which questions the reliability of the manner in which guilt was determined. No showing of prejudice on the order of manifest injustice can be established. Based upon the totality of circumstances, [Appellant's] claim he entered into a defective plea due to ineffectiveness of counsel is wholly without merit.

Notice of Intent to Dismiss PCRA Pursuant to Pa.R.Crim. P. 907(1), filed 11/21/19, at 3-5.

Additionally, at the guilty plea hearing, as well as in the written guilty plea statement, Appellant specifically was informed of the rights he was giving

up by entering the pleas and indicated that he understood all of those rights. N.T., 8/7/18, at 4-8; Guilty Plea Statement, dated 8/7/18. Appellant stated he understood that he would face "maximum penalties at Docket 185, Count 2, is a $25,000 and 10 years; and Count 3 is $10,000 and 5 years; and at Docket 186, Count 2, has a maximum penalty of $5,000 and 2 years, This totals $40,000 and 17 years." N.T., 8/7/18, at 9. He also was informed of the legal and factual basis of these charges and specifically pled "guilty" thereto. Id. at 10-12. In the presence of the trial court, Appellant affixed his signature to the Guilty Plea Statement at each docket. Id. at 11-12. The trial court granted the Commonwealth's request to nolle pros the remaining counts. Id. at 11-12. Thereafter, the only request Appellant made through his counsel was "whether the [c]ourt would consider sentencing him [at that time]." Id. at 12. Indicating that it would need a PSI in light of the serious nature of the crimes, the trial court declined to sentence Appellant immediately. Id. at 12. Accordingly, we agree with the PCRA court that Appellant is not entitled to relief on his inducement by counsel claim.

However, this does not end our inquiry as Appellant additionally alleges that trial counsel was ineffective in failing to seek to withdraw Appellant's guilty plea prior to sentencing. Appellant avers he sought to have trial counsel withdraw his guilty pleas, despite the favorable outcome he had received and admission he failed to make his intentions known to the trial court at the sentencing hearing, because he "came to the realization that he wanted to

withdraw his guilty pleas prior to sentencing as he discovered he had been played by defense counsel." Appellant's Brief at 11-12.

We note that pre-sentence withdrawal of a guilty plea is governed by Pennsylvania Rule of Criminal Procedure 591(A), which provides:

> (A) At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, sua sponte, the withdrawal of a plea of guilty or nolo contendere and the substitution of a plea of not guilty.

Pa.R.Crim.P. 591(A). The official comment to Rule 591 provides: "After the attorney for the Commonwealth has had an opportunity to respond, a request to withdraw a plea made before sentencing should be liberally allowed." Id. cmt. However, a defendant does not have an absolute right to such relief. In Commonwealth v. Carrasquillo, 115 A.3d 1284 (Pa. 2015), our Supreme Court clarified that "a bare assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant" a pre-sentence motion to withdraw. Id. at 1285. Rather, the Court concluded that:

> a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea. More broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. The policy of liberality remains extant but has its limits, consistent with the affordance of a degree of discretion to the common pleas courts.

Id. at 1292. Thus, the Carrasquillo Court established that trial courts possess discretion to assess the plausibility of a defendant's claim of innocence. In doing so, "both the timing and the nature of the innocence claim, along with

the relationship of that claim to the strength of the government's evidence, are relevant." Commonwealth v. Norton, 201 A.3d 112, 121 (Pa. 2019) (citation omitted). At the same time, a defendant may not directly contradict statements he has made under oath at the time of the guilty plea, such as that he is entering into the plea voluntarily. See, e.g., Commonwealth v. Pier, 182 A.3d 476, 480 (Pa.Super. 2018).

Furthermore, to establish counsel was ineffective, a PCRA petitioner must prove that (1) the issue underlying counsel's act or omission is of arguable merit; (2) counsel had no reasonable strategic basis for the act or omission; and (3) the petitioner suffered prejudice. Commonwealth v. Reyes-Rodriguez, 111 A.3d 775, 780 (Pa.Super. 2015) (en banc). To establish prejudice in this case, Appellant must prove he would have proceeded to trial but for counsel's error. Commonwealth v. Barndt, 74 A.3d 185, 192 (Pa.Super. 2013). We must presume counsel rendered adequate assistance, and the petitioner bears the burden of proving otherwise. Reyes-Rodriguez, 111 A.3d at 780.

Here, prior to sentencing, Appellant was apprised of his post-sentencing and appellate rights. N.T. 9/28/18, at 4-7. When asked whether he had any questions concerning those rights, Appellant stated he did not. Importantly, he did not at this juncture express his now asserted innocence and desire to withdraw his prior guilty pleas. To the contrary, when the trial court asked

Appellant what he would like to tell the court, the following exchange occurred:

> Appellant: I'd like to say that I take full responsibility for everything that happened on both dockets. What was going on was my in-law's family wouldn't allow me to see my daughter, because I was –I was on drugs. And—
>
> THE COURT: That's not a bad reason.
>
> Appellant: Right. Exactly. And I –I overacted. I dumped my mother-in-law's house to see if my ex and my daughter were there. And they weren't. My brother-in-law was there.
> And I had a BB Gun, and I told him I needed to see my daughter, you know, or else shit was going to hit the fan. And they weren't there, umm, so I left and went back to my spot where I was staying.
> And I take—I Just—I—I'm a totally different person when I'm on drugs. I tend to act more violent-- . . . .

N.T. 9/28/18, at 9-10.

The conversation pertaining to Appellant's efforts to rehabilitate himself continued until Appellant indicated that the BB Gun was not loaded. The trial court asked for clarification regarding the charge to which Appellant had pled guilty, noting that this was a "very big deal." Id. at 11-12. Upon further examination of the police report, the trial court stated that the weapon was a ".177 Caliber air pistol, black and chrome. Obviously made to look like a regular handgun." Appellant agreed with this description. Id. at 13.

In light of the foregoing, the record clearly demonstrates that both prior to entering his plea and prior to sentencing, Appellant admitted to committing the acts forming the factual basis for the plea and acknowledged that he knew and understood the factual basis for the plea, the nature of the evidence

proffered by the Commonwealth, and the elements of the crimes charged, which were outlined by both the Commonwealth and the trial court. This record evidence, and Appellant's acknowledgement that the pleas resulted in a favorable outcome for him, belie his current claim that his counsel had been ineffective by duping him to plead guilty and for failing to file a motion to withdraw those pleas. Therefore, we discern no legal error by the trial court in dismissing his PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/24/2020