J-S08004-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AHMED M. MOUSA | |
| Appellant | No. 1390 MDA 2020 |

Appeal from the PCRA Order entered October 28, 2020
In the Court of Common Pleas of Lancaster County
Criminal Division at No: CP-36-CR-0007437-2018

BEFORE:  STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED MAY 26, 2021**

Appellant, Ahmed M. Mousa, appeals from the October 28, 2020 order entered in the Court of Common Pleas of Lancaster County denying his petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Appellant argues the PCRA court erred by denying his request for an evidentiary hearing to address his claim that a certified court interpreter failed to communicate the terms of his negotiated plea agreement accurately.  Upon review, we affirm.

In its Rule 1925(a) opinion, the PCRA court explained that Appellant was charged with one count of sexual abuse of children and two counts of criminal

_____

[*] Former Justice specially assigned to the Superior Court.

use of communication facility.[1]  On March 14, 2019, Appellant entered into a negotiated plea agreement and was sentenced to an aggregate term of seven to 15 years' incarceration.  He did not file post-sentence motions or a direct appeal.  PCRA Court Opinion, 12/23/20, at 1-3.

On March 26, 2020, Appellant filed a *pro se* PCRA petition.  Counsel was appointed and filed a petition seeking leave to withdraw in accordance with **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).  The PCRA court determined that counsel had not addressed all claims raised by Appellant and, on July 1, 2020, ordered counsel to supplement his **Turner/Finley** letter or file an amended PCRA petition.  On July 16, 2020, counsel filed an amended petition and a request for an evidentiary hearing.  The Commonwealth filed a response on August 20, 2020.  **Id.** at 3-5.

On September 21, 2020, the PCRA court issued a Rule 907 notice of intention to dismiss Appellant's petition without a hearing and notified Appellant he could file a response within twenty days.  Appellant did not file a response.  On October 28, 2020, the PCRA court dismissed the petition.  This timely appeal followed.  Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents one issue for this Court's review:

---

[1] 18 Pa.C.S.A. §§ 6312(d) and 7512(a).

- 2 -

Did the PCRA court err by dismissing the PCRA [petition] without an evidentiary hearing where Appellant claimed he entered an invalid plea after the court interpreter failed to communicate accurately the terms of the negotiated plea agreement?

Appellant's Brief at 4.[2]

This Court's standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." ***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa. Super. 2019) (quotation marks and citations omitted), *appeal denied*, 216 A.3d 1029 (Pa. 2019).

As the PCRA court observed, when a guilty plea has been entered,

all grounds of appeal are waived other than challenges to the voluntariness of the plea and the jurisdiction of the sentencing court. Thus allegations of ineffective assistance of counsel in connection with entry of the guilty plea will serve as a basis for

_____

[2] In his brief, Appellant explains:

Appellant is a native of Sudan and does not read, write or speak English. The plea hearing was conducted with the use of a certified Arabic court interpreter. [Plea counsel] indicated that consultations with [A]ppellant that occurred prior to the plea were conducted with the use of [a] certified Arabic court interpreter.

Appellant's Brief at 5 (reference to plea hearing transcript omitted).

relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea.

PCRA Court Rule 907 Notice, 9/21/20, at 12 (quoting ***Commonwealth v. Williams***, 437 A.2d 1144, 1146 (Pa. 1981) (internal citations omitted)). ***See also Commonwealth v. Hickman***, 799 A.2d 136, 141 (Pa. Super. 2002) (defendant must demonstrate that counsel's ineffectiveness caused defendant to enter an involuntary or unknowing plea).

To obtain relief under the PCRA, a petitioner bears the burden of demonstrating that counsel's performance was defective and that he was prejudiced as a result. ***Strickland v. Washington***, 104 S.Ct. 2052 (1984). Our Supreme Court has determined that the petitioner must satisfy all prongs of a three-pronged test for ineffectiveness, *i.e.*, that the underlying claim has arguable merit, that counsel's actions lacked a reasonable basis, and that the defendant was prejudiced as a result. ***See, e.g., Commonwealth v. Koehler***, 36 A.3d 121, 132 (Pa. 2012).

Appellant's issue is not framed in terms of plea counsel ineffectiveness, but it is clear upon review of his petition and arguments that he is attempting to raise an ineffectiveness claim asserting that plea counsel was ineffective for not challenging the competency of the court-appointed certified Arabic translator. He now claims the PCRA court erred in denying him an evidentiary hearing on his petition, thus denying him the opportunity to demonstrate that his counsel was ineffective for failing to object to the interpreter not communicating the terms of the plea agreement accurately.

- 4 -

In **Commonwealth v. Maddrey**, 205 A.3d 323 (Pa. Super. 2019), this

Court reiterated:

> It is well settled that "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008). "[T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." **Commonwealth v. Hanible**, 612 Pa. 183, 30 A.3d 426, 452 (2011).

**Id.** at 328.

> As the Commonwealth observes:

> [T]o merit entitlement to an evidentiary hearing on a claim of ineffectiveness, a defendant must "set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude that . . . counsel may have, in fact, been ineffective." **Commonwealth v. Priovolos**, 552 Pa. 364, 368-69, 715 A.2d 420, 422 (1998)[.] It is well-settled that ineffectiveness claims cannot considered in a vacuum. [**Commonwealth v. Thomas**, 744 A.2d 713, 716 (Pa. 2000)]. Counsel cannot be found ineffective where the petition fails to specifically allege facts sufficient to support his claim. **Id.**

Commonwealth Brief at 10 (some citations omitted).

> In its Rule 1925(a) opinion, the PCRA court explained:

> After reviewing the written guilty plea colloquy with his attorney, Appellant executed the written plea agreement. Thereafter, the court accepted Appellant's plea and sentenced him in accordance with the negotiated plea agreement. [A]ll communications between trial counsel and Appellant, including a review of his written plea colloquy, his post-sentence and appellate rights, his sex offender registration and notification requirements, his guidelines worksheet, and the written plea agreement were completed with the benefit of a certified Arabic court translator.

Appellant failed to raise any objection to the translator or their interpretation of the court proceedings at that time of on direct appeal.

[] Appellant's argument mirrors that of the appellant in **Commonwealth v. Watkins**, 108 A.3d 692 (Pa. 2014). In that case, the Pennsylvania Supreme Court determined that if an appellant makes *no attempt* to identify specifically the "legitimate material factual disputes" that he alleges warranted a hearing, as well as develop relevant argument, his "claim of PCRA court procedural error cannot succeed." **Watkins**, 108 A.3d at 735 (emphasis added). In the matter at bar, Appellant failed to develop any relevant argument as to how the court translation was somehow inaccurate. Herein, Appellant argues, in a broad and cursory fashion, that the court translator provided an inaccurate translation of the court proceedings. In his initial PCRA filing, Appellant fails to identify any words or phrases that were purportedly translated incorrectly or inaccurately and, importantly, how any purported inaccuracy caused his plea to be unknowing, unintelligent, or involuntary in nature. Appellant's assertion that his claim warranted a hearing when he fails to both identify and argue with specificity what factual issues remain in contention should be denied. Appellant has failed to satisfy his burden and his reliance on speculation, and failure to assert facts, which if believed, would support his claim cannot be equated with a genuine issue concerning a material fact that warrants an evidentiary hearing.

PCRA Court Opinion, 12/23/20 at 7-8.

We agree with the PCRA court's analysis. As the excerpt from the PCRA court's opinion reflects, Appellant failed to offer any support for his assertion that the translator was dishonest, that the translations were inaccurate, or that he was prejudiced in any way by virtue of the translations provided by

the certified Arabic court translator.[3]  Appellant has failed to "show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing."  PCRA Court Opinion, 12/23/20, at 7 (quoting **Hanible**, 30 A.3d at 452).

We find no abuse of discretion in the PCRA court's denial of an evidentiary hearing.  Therefore, we will not disturb its ruling.

_____

[3] Although Appellant had the benefit of the PCRA court's Rule 1925(a) opinion when preparing his brief, he did not seize upon the opportunity to expand his "broad and cursory" allegations regarding the translator.  Similarly, Appellant did not file a response to the PCRA court's Rule 907 notice in which the court addressed the 11 allegations of ineffectiveness raised in Appellant's PCRA petition, including the assertion the translator was dishonest and did not accurately present the dialogue between the court and the petition.  In the Rule 907 notice, the court observed that Appellant "fails to cite the record or indicate when during the proceeding this purported breakdown in translation occurred.  [Appellant] also makes no specific reference as to where or when any documents were inaccurately or dishonestly represented.  This claim is unsubstantiated by fact or record and fails because of vagueness."  Rule 907 Notice, 9/21/20, at 15-16.  Further, in response to Appellant's assertion that the translator provided an inaccurate translation of the court proceedings, the PCRA court noted that Appellant "fails to identify any words or phrases that were inaccurately translated and how that purported inaccuracy cause his plea to be unknowing, unintelligent, or involuntary."  **Id.** at 16.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/26/2021