J-S11030-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER WILEY BROWN | : | |
| | : | |
| Appellant | : | No. 956 WDA 2021 |

Appeal from the PCRA Order Entered July 23, 2021
In the Court of Common Pleas of Fayette County Criminal Division at No(s):
CP-26-CR-0000542-2016

BEFORE:  PANELLA, P.J., OLSON, J., and SULLIVAN, J.

MEMORANDUM BY OLSON, J.:                    **FILED: MAY 25, 2022**

Appellant, Christopher Wiley Brown, appeals from the order entered on July 23, 2021, dismissing his first petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  Appellant hired a fifteen-year-old female, S.A., to care for his disabled fiancée at an apartment the couple shared in Brownsville, Pennsylvania.  On February 9, 2016, S.A. agreed to spend the night after watching television and playing games with Appellant's fiancée.  While S.A. was sleeping on the couch in the living room, Appellant came out of the bedroom and shackled S.A.'s legs, handcuffed her hands behind her back, and put a ball gag in S.A.'s mouth.  Appellant rubbed his exposed genitals on S.A.'s bare feet and made her grope him.  The victim eventually escaped and reported the incident to her father and the police.  During subsequent

investigations, the police found a box under Appellant's bed containing leg shackles, handcuffs, and a ball gag. On March 10, 2017, a jury convicted Appellant of two counts of kidnapping, two counts of indecent assault, and one count each of false imprisonment and corruption of minors.[1] The trial court sentenced Appellant to an aggregate term of three to eight years of imprisonment. The court also ordered Appellant to comply with lifetime registration as a sex offender. On August 27, 2018, this Court affirmed Appellant's judgment of sentence. *See Commonwealth v. Brown*, 2018 WL 4057387 (Pa. Super. 2018) (unpublished memorandum). On June 19, 2019, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel to represent Appellant. Appointed counsel filed an amended PCRA petition. The PCRA court held an evidentiary hearing on February 11, 2020.[2] By order and opinion filed on July 23, 2021, the PCRA court denied relief.

---

[1]  18 Pa.C.S.A. §§ 2901(a)(3), 2901(a.1)(3), 3126(a)(2), 3126(a)(8), 2903(b), 6301(a)(1)(ii), respectively.

[2]  Transcripts from the PCRA evidentiary hearing are not contained within the certified record. Moreover, there is no notation on the PCRA court docket that the evidentiary hearing was conducted on February 11, 2020 and there is no docket entry reflecting that Appellant ordered or requested transcription of the testimony from the PCRA hearing. While no transcript confirms that a PCRA hearing was convened, the parties and the PCRA court repeatedly refer to trial counsel's testimony without direct citation to a transcript. "[T]he Rules of Appellate Procedure require an appellant to order and pay for any transcript necessary to permit resolution of the issues raised on appeal." *Commonwealth v. Preston,* 904 A.2d 1, 7 (Pa. Super. 2006) (*en banc*), *citing* Pa.R.A.P.1911(a). "When the appellant [] fails to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be

*(Footnote Continued Next Page)*

This timely appeal resulted.[3]  On appeal, Appellant presents the following issues for our review:

> 1. Whether the PCRA court erred in denying relief to Appellant, based on a claim of ineffective [assistance of] trial counsel, when trial counsel failed to strike a juror during the *voir dire* process who indicated that they would be biased against Appellant[?]
>
> 2. Whether the PCRA court erred in denying relief to Appellant, based on a claim of ineffective [assistance of] trial counsel, when trial counsel failed to call certain witnesses at the time of trial[?]
>
> 3. Whether the PCRA court erred in denying relief to Appellant, based on a claim of ineffective [assistance of] appellate counsel, when appellate counsel failed to preserve certain issues for appeal, including claims that the trial verdicts were against the weight of the evidence, and insufficient evidence as to his convictions for indecent assault and corruption of minors[?]

Appellant's Brief at 4 (superfluous capitalization omitted).

_____

*(Footnote Continued)* ———————————

deemed waived for the purpose of appellate review." ***Id.*** (citation omitted). "It is not proper for either the Pennsylvania Supreme Court or the Superior Court to order transcripts nor is it the responsibility of the appellate courts to obtain the necessary transcripts." ***Id.*** (citation omitted).  Here, we were able to review Appellant's claims by examining applicable law and the transcripts from Appellant's trial.  Our review was not hampered by the lack of a transcript from the PCRA hearing.

[3]  Appellant filed a notice of appeal on August 18, 2021.  On August 19, 2021, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  Appellant complied timely on September 13, 2021.  On September 16, 2021, the PCRA court filed a statement in *lieu* of an opinion, relying upon its earlier decision issued on July 23, 2021.

Appellant's claims implicate the effectiveness of trial and direct appeal counsel. We adhere to the following standards:

> Our standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.
>
> We presume that the petitioner's counsel was effective. To establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> The burden is on the [petitioner] to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. Moreover, a failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.
>
> The prejudice standard for an ineffectiveness claim is a higher standard than the harmless error analysis typically applied when assessing allegations of trial court error. Instead, a petitioner must prove actual prejudice, which our Supreme Court has defined as follows:
>
>> A reasonable probability that, but for counsel's lapse, the result of the proceeding would have been different. In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. Moreover, a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support. Ultimately, a reviewing court must question the reliability of the proceedings and ask whether the result of the particular proceeding was

> unreliable because of a breakdown in the adversarial process that our system counts on to produce just results.

*Commonwealth v. Campbell*, 260 A.3d 272, 277–278 (Pa. Super. 2021) (internal citations, quotations, and brackets omitted).

First, Appellant argues that "trial counsel was ineffective for failing to strike a clearly biased juror from his jury[.]" Appellant's Brief at 8 (capitalization omitted). Appellant asserts that Juror No. 254 was biased against him because she was a prior caseworker with Fayette County Children and Youth Services and this case involved "numerous sex-related offenses involving a 15-year-old juvenile." *Id.* at 9. Moreover, Appellant posits that Juror No. 254 knew the police officer involved in this case, worked for charities supporting crime victims, and testified during *voir dire* that it would be difficult to be fair and impartial. *Id.* Finally, Appellant claims there was no reasonable basis for trial counsel not to strike Juror No. 254 merely because trial counsel "was personally acquainted with [her] and had represented members of her family" and "believed the decision to allow her to remain would be beneficial to Appellant's case." *Id.*

The party seeking exclusion of the juror has the burden of establishing that the juror was not impartial. *Commonwealth v. Duffey*, 855 A.2d 764, 770 (Pa. 2004). "The test for determining whether a prospective juror should be disqualified is whether he is willing and able to eliminate the influence of any scruples and render a verdict according to the evidence, and this is to be determined on the basis of answers to questions and demeanor." *Commonwealth v. Briggs*, 12 A.3d 291, 333 (Pa. 2011)

(citation omitted). "It must be determined whether any biases or prejudices can be put aside on proper instruction of the court." *Id.*

On this issue, the PCRA court determined:

[Appellant] failed to show that [trial counsel's] decision not to strike Juror No. 254 was ineffective. [Trial counsel] made a reasonable strategic decision. The trial transcript shows that Juror No. 254 swore she could be impartial. [Trial counsel] testified that that he knew Juror No. 254 and felt that she would be favorable towards him and [Appellant]. [Appellant] was seated next to [trial counsel] and had every opportunity to have input on the selection. If [Appellant] had a strong opinion on challenging that particular juror, that would have been the appropriate time to convey that opinion. There was no evidence that [trial counsel] violated any direct instructions from [Appellant].

PCRA Court Opinion, 7/23/2021, at 9-10.

Here, upon review of the record, we conclude that there is no merit to Appellant's claim that trial counsel was ineffective for failing to strike Juror No. 254 for alleged bias and impartiality. During *voir dire*, Juror No. 254 forthrightly described her employment history and potential connections to this case while under oath as detailed at length above. She stated that her personal relationships would not cause her "any problem" with the case and that she would be "able to decide the case based solely on the evidence and the law." N.T., 3/8/2017, at 11-12 and 17-20. As such, Appellant has not shown that Juror No. 254 was impartial and, therefore, trial counsel was not ineffective for failing to strike her from the jury.

In his second issue presented, Appellant contends that "trial counsel failed to call certain witnesses at the time of trial[.]"  Appellant's Brief at 11. On this claim, Appellant avers, in sum:

> In this matter, there were persons present at the time of trial that trial counsel chose not to call, despite Appellant's unequivocal requests that they be permitted to testify.  Further, there were two (2) neighbors identified as witnesses.  Although one neighbor was "uncooperative," there was no indication that this neighbor had been subpoenaed.  The additional neighbor apparently could not remember what she saw, but no statement was ever taken by trial counsel.  At the time of the [PCRA evidentiary] hearing, the names of these witnesses were not known, but they were known at the time of trial and were available.  Although one of them was *willing* to testify, both had the ability to do so if issued a subpoena.  Lastly, these witnesses would have testified to what they observed [the] night [of the incident] and called the victim's timeline into question; specifically, that the victim was observed outside of Appellant's residence around the time she was said to have been restrained in his home against her will.  Additionally, there were numerous character witnesses that were available to testify at the time of trial.  [T]rial counsel indicated that he did not call them for strategic reasons[.]

*Id.* at 11-12 (emphasis in original).  Appellant argues that he "was prejudiced by trial counsel's failure to call witnesses" and, therefore, "he should be granted a new trial."  *Id.* at 12.

On this claim,

> [o]ur Supreme Court has determined that "[t]he failure to call character witnesses does not constitute *per se* ineffectiveness." *Commonwealth v. Treiber*, 121 A.3d 435, 463 (Pa. 2015) (citation omitted).  It is axiomatic that when a PCRA petitioner claims counsel was ineffective for failing to call a witness, he or she must establish "(1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the

witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial." *Id.* at 464.

*Commonwealth v. Goodmond*, 190 A.3d 1197, 1202 (Pa. Super. 2018).

Here, the PCRA court concluded that trial counsel was not ineffective for failing to call witnesses. PCRA Court Opinion, 7/23/2021, at 10-11. The PCRA court credited trial counsel's testimony that "he did not call [Appellant's] two neighbors as witnesses because one was uncooperative and the other could not remember when she saw what she allegedly saw." *Id.* at 10. Moreover, the PCRA court noted that trial counsel "*did* call one character witness." *Id.* (emphasis in original). However, the PCRA court recognized that "none of the prospective witnesses were called at the PCRA hearing" and "[t]here were no affidavits as to what their testimony would have been." *Id.* As such, the PCRA court concluded that "[j]ust because [Appellant] provided names and said they were available and would have been helpful does not mean that [the PCRA court] must credit his testimony." *Id.* at 11.

Upon review of the certified record, we agree that Appellant is not entitled to relief on his second issue. In his *pro se* and amended, counseled PCRA petitions, Appellant identifies his neighbors, "Barbara W." and "Lewis 'Rick'" as purported fact witnesses that should have been called at trial. On appeal, however, Appellant does not identify his proposed witnesses by name. *See* Appellant's Brief at 11-12. We could find Appellant's issue waived for failing to develop this claim adequately. *See Commonwealth v.*

*Perez*, 93 A.3d 829, 838 (Pa. 2014) ("[T]o the extent appellant's claims fail to contain developed argument or citation to supporting authorities and the record, they are waived[.]").  Regardless, Appellant has not proven that the absence of testimony from the two proffered neighbors was so prejudicial as to have denied him a fair trial.  Appellant claims that "these witnesses would have testified to what they observed [the] night [of the incident] and called the victim's timeline into question; specifically, that the victim was observed outside of Appellant's residence around the time she was said to have been restrained in his home against her will."  Appellant's Brief at 11-12.  Although the witnesses' timeline of events may have called the victim's credibility into question on an ancillary matter, their proffered testimony was not particularly exculpatory, especially when weighed against the backdrop of largely uncontested evidence.  The victim's substantive testimony regarding the crimes was corroborated by physical evidence recovered from Appellant's home.  Moreover, the victim's DNA was recovered from the ball gag and leg shackles discovered by police underneath Appellant's bed. N.T., 3/9/2017, at 20.

Regarding character witnesses, this Court has previously recognized:

Evidence of good character offered by a defendant in a criminal prosecution must be limited to his *general reputation for the particular trait or traits of character involved in the commission of the crime charged*. The cross-examination of such witnesses by the Commonwealth must be limited to the same traits.  Such evidence must relate to a period at or about the time the offense was committed, and must be established by testimony of

witnesses as to the *community opinion* of the individual in question, *not through specific acts* or mere rumor.

***Goodmond***, 190 A.3d 1201–1202 (internal citation omitted; emphasis in original).

In this case, the PCRA court concluded:

[Appellant] was charged with sexual offenses that occurred in secrecy. While [Appellant] openly admitted his unusual sexual proclivities during his [trial] testimony, his reputation in the community for 'sexual chastity' involving sexual practices that occurred in secrecy would almost certainly be non-existent. His reputation for 'violence' would have been virtually irrelevant. The victim in this case was terrified by the restraints he placed on her and the sexual activities he used her for without her consent, but he did not engage in overt violence. […] The likelihood that any 'character' witness could credibly refute the victim's testimony in this case is virtually nil.

PCRA Court Opinion, 7/23/2021, at 11.

Upon review of the record and applicable law, we agree with the PCRA court's assessment. Appellant has not demonstrated how additional character evidence regarding general reputation and community opinion would have changed the outcome of his trial, especially in light of his admissions at trial. ***See*** N.T., 3/9/2017, at 69 ("Chloe and I like to role play in the bedroom at times[…] and we keep it only in there, not in public, not outside of the bedroom, not even by ourselves outside."). Accordingly, for all of the foregoing reasons, Appellant's ineffective assistance of counsel claim for not calling witnesses fails.

In his third issue on appeal, Appellant contends that appellate counsel was ineffective for failing to preserve certain claims pertaining to the weight

and sufficiency of the evidence presented at trial. Appellant's Brief at 12-14. More specifically, Appellant maintains that appellate counsel, on direct appeal: 1) waived sufficiency claims on the convictions for indecent assault and corruption of a minor;[4] 2) raised weight of the evidence claims in Appellant's appellate brief, despite failing to raise those issues in a post-sentence motion, and; 3) challenged the sufficiency of the evidence on a charge of unlawful restraint, despite being acquitted of that crime at trial. *Id.* Accordingly, Appellant argues that he "should have another opportunity to have these issues heard." *Id.* at 14.

Initially, we note that "[t]he Pennsylvania Supreme Court has addressed the issue of appellate counsel's duty of representation and has concluded [] that state law does not require appellate counsel to raise all potentially appealable issues." *Commonwealth v. Showers*, 782 A.2d 1010, 1016 (Pa Super. 2001), *citing Commonwealth v. Yocham*, 375 A.2d 325 (Pa. 1977) (counsel on direct appeal is not obligated to present every issue raised at trial and the decision not to pursue a preserved claim is weighed in light of the traditional ineffective assistance of counsel standard);

_____

[4] While Appellant baldly contends appellate counsel was ineffective for failing to challenge the sufficiency of evidence supporting his indecent assault and corruption of a minor convictions on direct appeal, he does not set forth the elements of those crimes and does not argue which specific elements were not met. We could find this issue waived as underdeveloped, however, as discussed below we find it is otherwise without merit. *See Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009).

*Commonwealth v. Laboy*, 333 A.2d 868, 870 (Pa. 1975) ("If, in view of the reasonable alternatives, the appellate advocate had any rational basis for restricting the appeal to the one or two issues chosen, then he has performed as an effective counsel and it matters not that he rejected other issues whether gathered from his own research or advanced by the client.").

This Court has stated:

> A challenge to the sufficiency of the evidence presents a question of law and is subject to our plenary review under a *de novo* standard. When reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth, were sufficient to prove every element of the offense beyond a reasonable doubt. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.

*Commonwealth v. Moore*, 263 A.3d 1193, 1205 (Pa. Super. 2021) (internal citations and quotations omitted).

A verdict is against the weight of the evidence where "certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." *Commonwealth v. Lyons*, 833 A.2d 245, 258 (Pa. Super. 2003) (citation omitted). Moreover, an *en banc* panel of this Court has stated:

> [the] grant a new trial only where the verdict is so contrary to the evidence as to shock one's sense of justice. A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when "the figure of Justice totters on her pedestal," or when "the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to

almost fall from the bench, then it is truly shocking to the judicial conscience."

***Commonwealth v. Boyd***, 73 A.3d 1269, 1274–1275 (Pa. Super. 2013) (*en banc*).

In this matter, the PCRA court concluded:

The verdicts in this case do not come close to shocking the conscience of [the c]ourt. If there was any part of the verdict that was questionable, it was the jury's decision to find [Appellant] not guilty of [] unlawful restraint[.] The child victim made an immediate report of [Appellant's] criminal conduct and has been reasonably consistent in her statements and testimony throughout. [Appellant] acknowledged his fetish of being dominant and enjoying sex with a submissive partner. He acknowledged having a foot fetish as well. His statements in that regard corroborated the victim's testimony in almost every respect except for his denial of the specific criminal conduct charged. In addition, following the victim's report of the crimes, police found the leg shackles, handcuffs, and ball gag the victim described in a box under [Appellant's] bed. [Appellant] offered an explanation for the victim's knowledge of those items that was entirely too convenient, not corroborated, and not credible.

PCRA Court Opinion, 7/23/2021, at 12.

Based upon the foregoing rationale, we conclude that Appellant has failed to demonstrate he was prejudiced by appellate counsel's alleged failures. Appellant details counsel's failures to raise sufficiency and weight of the evidence claims on direct appeal, however, he does not explain how or why those claims have merit. More specifically, Appellant fails to specify which elements of the two aforementioned crimes were not proven or how the overall verdict was contrary to the evidence. As such, Appellant has not demonstrated how the outcome of his trial would have changed had counsel

preserved and presented a challenge to the sufficiency of the evidence regarding his convictions for indecent assault and corruption of a minor and/or a general weight of the evidence claim on direct appeal. As such, Appellant is not entitled to relief regarding his final challenge under the PCRA.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/25/2022